THE CITY MORTGAGE COMPANY, A BODY CORPORATE, PLAINTIFF-APPELLANT, v. SAINT PAUL FIRE AND MARINE INSURANCE COMPANY, A BODY CORPORATE, DEFENDANT-RESPONDENT.

Argued May 28, 1936—Decided October 2, 1936.

For the plaintiff-appellant, *T. Raymond Bazley, Harold McDermott* and *McDermott, Enright & Carpenter (James D. Carpenter, Jr.)*

For the defendant-respondent, *Charles H. Stewart.*

The opinion of the court was delivered by

CASE, J.  Appellant was insured in the amount of $250,000 by the respondent company under a blanket policy, called an "errors and omissions" fire insurance policy, which contained the following provisions:

"Saint Paul Fire and Marine Insurance Company * * * does insure * * * subject to the terms, conditions and/or limitations of this contract * * *

1. Covering loss to insured's mortgage interest caused by fire or lightning damage to building property as above described, in which the insured has subsisting mortgage interest, when and only when the insured's interest in said building property is not covered by specific fire and lightning insurance, because of errors and/or omissions in effecting such insurance, which result in:

(a) No such specific insurance on said property, and/or

(b) Such specific insurance on said property being invalid, and/or

(c) Such specific insurance being insufficient on said property, including loss due to contribution required under a co-insurance clause.

2. Insured agrees to make every reasonable effort to secure and maintain valid specific fire and lightning insurance on each and all property covered hereby payable to the insured as mortgagee and in amount not less than its mortgage loans thereon."

The premises in question were mortgaged to the appellant on May 31st, 1927, by the then owner, and shortly thereafter the premises were insured against fire under a specific policy written by the Importers and Exporters Insurance Company. The policy was payable to the named owner and also to the appellant as mortgagee. That owner later conveyed the property, subject to appellant's mortgage, to a grantee. Subsequently appellant foreclosed its mortgage and bought in the property at foreclosure sale. Still later appellant sold the property, executed and delivered a deed and took back a purchase-money mortgage. While the foreclosure was in progress the original Importers and Exporters policy expired and was replaced by a renewal policy delivered to the appellant. Nearly five months after the appellant conveyed to its grantee the respondent's "errors and omissions" policy was issued, and four months later the property was damaged by fire. The Importers and Exporters Insurance Company had not been notified of any of the changes in or developments affecting the title, and its policy at the time of the fire was still payable to the original owner and to appellant as mortgagee, precisely as it was when the insurance was first written. Appellant and the new owner brought action against that company for the loss and were defeated upon the ground that the policy had been invalidated by the untrue statement of ownership contained in the policy and by the act of the appellant in conveying to the present owner and taking back a mortgage without notice to the insurer. Appellant then

brought the pending action, alleging that it had suffered loss to its mortgage interest because of errors and omissions in effecting the specific insurance thereon and that it was therefore within the coverage afforded by respondent's policy. Judge Lawrence, sitting in the Monmouth Circuit of the Supreme Court, tried the case without a jury. He found as a matter of law that the appellant had agreed to make every reasonable effort to secure and maintain valid specific fire insurance, payable to it as mortgagee, on each and all property covered; and the foregoing excerpt from the policy verifies the correctness of that legal proposition. Further, as trier of the fact the judge found the fact to be that the appellant had not made reasonable effort to secure and maintain such specific insurance; and the testimony contains adequate support for that finding. The points presented by the appellant are, in essence, denials of the correctness of those findings, and the points, as we think, are not sustained.

The judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.